******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ESPINOSA, J., concurring. I agree with the majority that the victim's rights amendment; Conn. Const., amend. XXIX (b);[1] does not confer on the plaintiff in error, M,[2] the right to have his attorney attend any in-chambers, informal plea discussions that may occur between the prosecutor, defense counsel and the presiding judge. I write separately, however, because I disagree with the majority's rationale. There are two flaws in that analysis, which I will discuss separately. First, the majority fails to address a misinterpretation of amendment XXIX (b) (5) that is embedded in the plaintiff in error's claim. The plaintiff in error did not request to personally attend any chambers plea discussions, but claimed only that he was entitled to have his attorney attend any such discussions. As I explain in this concurring opinion, I would reject the plaintiff in error's claim on the basis that the plain language of amendment XXIX (b) (5) guarantees personal attendance only and does not extend to the attendance of counsel. The majority, by assuming, with no analysis, that the guarantee of amendment XXIX (b) (5) extends to the attendance of counsel, fails to ask the most important and fundamental question presented in this writ—whether our state constitution guarantees that right to victims.

The second flaw in the majority's analysis is that it accepts the plaintiff in error's characterization of the chambers discussions at issue in this writ of error as "disposition conferences" pursuant to Practice Book § 39-13. The plaintiff in error strategically conflated these informal meetings with disposition conferences—which are formal, on record and held in court—in order to bolster his argument that such discussions are "court proceedings" pursuant to amendment XXIX (b) (5). The term "disposition conference," as I explain in this concurring opinion, refers to an in-court, on-the-record proceeding.[3] The rules of practice relied on by the majority to reject the claim of the plaintiff in error, therefore, are inapposite. For these reasons, I respectfully concur.

I begin with the relevant procedural background. During the arraignment of Kyle Damato-Kushel, the defendant in the underlying criminal case in which the plaintiff in error is the alleged victim, the court accepted Damato-Kushel's plea of not guilty. Defense counsel then noted that Attorney James Clark had filed an appearance on behalf of the plaintiff in error. Defense counsel objected to Clark "being present during the course of chambers pretrial discussions." The plaintiff in error opposed the objection on the basis that the victim's rights amendment guaranteed him the right to have Clark attend the judicial pretrials on his behalf. The trial court sustained the objection, on the basis

that amendment XXIX (b) (5) guarantees that "the victim can be present at any proceeding where the defendant can be present and the defendant's not present at judicial pretrials. Their lawyers are, but the defendants aren't." By resting its ruling on the fact that Damato-Kushel had no right to be personally present, the trial court's ruling implicitly rejected the plaintiff in error's extension of amendment XXIX (b) (5) to the attendance of counsel.

In his motion for reconsideration, the plaintiff in error continued to press his claim that his attorney should be allowed to attend the judicial pretrials. Specifically, he asked that the court "reconsider its denial of his right to attend through counsel, disposition conferences (pretrials) in this case."[4] In support of the motion, he argued that the victim's rights amendment "grants the victim the right to have his attorney attend pretrials if the defendant's attorney has the right to do so. The attorneys are not attending personally, but only as substitutes for their respective clients." (Emphasis omitted.) At the hearing on the motion, Clark argued: "The constitution is quite clear that the victim, through an attorney—that's how we act in the court system—has a right to attend all court proceedings that the defendant has a right to attend. And it appears to me to be pretty straightforward that that means that [defense counsel] can attend that as the defendant, and, therefore, under the constitution I should be able to attend as the victim's attorney since individually we have no right to be there."

Damato-Kushel responded that because she did not have a right to be personally present, amendment XXIX (b) (5) did not confer that right on the plaintiff in error. When the plaintiff in error replied by repeating his claim that his counsel should be allowed to attend any judicial pretrials, the court did not consider whether the right extended to the victim's counsel, but turned to the question of whether judicial pretrials constituted "court proceedings." The trial court's memorandum of decision, however, released the day after the hearing on the motion for reconsideration, rested its decision on the fact that Damato-Kushel did not have the right to personally attend any judicial pretrials. The ruling, therefore, implicitly assumed that the parallel right afforded to the victim by amendment XXIX (b) (5), was limited to personal attendance. Following the court's subsequent denial of his motion seeking its permission for his attorney to attend any judicial pretrials that may occur in the case, the plaintiff in error filed this writ of error, naming Damato-Kushel and the Superior Court, judicial district of Fairfield, as the defendants in error.

The first flaw in the majority's analysis of the question of whether amendment XXIX (b) (5) guarantees that a victim has the right to have victim's counsel attend any court proceedings that defense counsel may attend is readily resolved by reviewing the text of the constitu-

tional provision. That review reveals that the plaintiff in error's interpretation runs afoul of two basic tenets of constitutional interpretation. Specifically, that interpretation would require us to supply language that is not in the constitutional text and would also render some of the express language of amendment XXIX (b) (5) superfluous.[5] The victim's rights amendment provides in relevant part that "a victim . . . shall have . . . the right to attend the trial and all other court proceedings the accused has the right to attend, unless such person is to testify and the court determines that such person's testimony would be materially affected if such person hears other testimony . . . ." Conn. Const., amend. XXIX (b) (5). As I have already noted, amendment XXIX (b) (5) makes no reference either to the victim's attorney or to defense counsel. Instead, its scope is limited to the "victim," whose right to attend is limited to that enjoyed by "the accused." This court has stated that it does "not supply constitutional language that the drafter intentionally may have chosen to omit." *Connecticut Coalition for Justice in Education Funding, Inc.* v. *Rell*, 295 Conn. 240, 273, 990 A.2d 206 (2010). The plaintiff in error relies on an interpretation of amendment XXIX (b) (5) that supplies language that is not there. That is, the plaintiff in error's interpretation reads amendment XXIX (b) (5) thusly: "a victim, *either personally or through counsel* . . . shall have . . . the right to attend the trial and all other court proceedings the accused, *either personally or through counsel*, has the right to attend, unless such person is to testify and the court determines that such person's testimony would be materially affected if such person hears other testimony . . . ."

Because the addition of the phrase "either personally or through counsel" cannot be reconciled with the express constitutional text, I reject the plaintiff in error's interpretation. Specifically, the victim's right to attend court proceedings is subject to a significant exception—the victim has the right to attend "unless such person is to testify and the court determines that such person's testimony would be materially affected if such person hears other testimony . . . ." This exception to the general rule presumes that the person whose attendance is secured by amendment XXIX (b) (5) is a person whose testimony could be "materially affected" if he or she hears other testimony. Accordingly, a person who is included within the meaning of the word "victim," is a person who potentially could be required to testify. That language would make no sense if the word "victim" is construed to include the victim's attorney, who would not be required to testify. Pursuant to the express language of amendment XXIX (b) (5), the victim's right to attend is extinguished entirely if "such person" is to testify and that testimony would be materially affected by attending the court proceeding. If the drafters had intended to include the

victim's counsel in the meaning of "victim," surely they would instead merely have provided that, under those circumstances, the victim's right to attend was limited to attendance through counsel. Instead, the exception clarifies that the right to attendance is one that is personal to the victim and does not include attendance through counsel.

The interpretation of the plaintiff in error runs afoul of a second tenet of constitutional construction—it renders some of the language of the victim's rights amendment superfluous. We have explained: "In dealing with constitutional provisions we must assume that infinite care was employed to couch in scrupulously fitting language a proposal aimed at establishing or changing the organic law of the state. . . . Unless there is some clear reason for not doing so, effect must be given to every part of and each word in the constitution." (Citations omitted.) *Stolberg* v. *Caldwell*, 175 Conn. 586, 597–98, 402 A.2d 763 (1978), appeal dismissed sub nom. *Stolberg* v. *Davidson*, 454 U.S. 958, 102 S. Ct. 496, 70 L. Ed. 2d 374 (1981). Construing the term "victim" to include the victim's attorney renders the qualifying clause "[that] the accused has the right to attend" superfluous. That clause limits the victim's constitutional right to attend, extending it only to court proceedings that "the accused has the right to attend . . . ." In a criminal case brought against a defendant, however, defense counsel cannot be excluded from *any* court proceedings. Accordingly, if amendment XXIX (b) (5) guaranteed that the victim's counsel may attend any court proceedings that defense counsel may attend, that guarantee would encompass all proceedings. That is, the victim's counsel would be guaranteed the right to attend all court proceedings in the case, without any need for the language limiting those proceedings to the ones that "the accused has the right to attend . . . ." Accordingly, the reasonable reading of amendment XXIX (b) (5) is that it guarantees a victim the right to personally attend any court proceedings that the defendant has the right to personally attend. Put another way, the right guaranteed to victims by amendment XXIX (b) (5) is the right to be present at court proceedings at which the accused has the right to be present.

My reading of amendment XXIX (b) (5) is consistent with our previous holding that "nothing in the victim's rights amendment itself or in subsequently enacted legislation explicitly makes victims parties . . . ." *State* v. *Gault*, 304 Conn. 330, 347, 39 A.3d 1105 (2012). The victim's rights amendment merely gives victims the right to have a voice in the criminal prosecution and does not grant them party status. The limited right of participation conferred on a victim is evident from the amendment itself, which states with specificity the victim's rights—those rights are not equal to the defendant's. Id. ("although the legislature intended to create

an avenue through which victims could appear in court proceedings and articulate their positions in regard to matters relating to their rights, it did not intend that victims were to have full party status").

Turning to the second flaw in the majority's analysis, I observe that rather than resolving the more fundamental question of whether amendment XXIX (b) (5) guarantees the right claimed by the plaintiff in error, the majority focuses on the question of whether the judicial pretrials constitute "court proceedings the accused has a right to attend" pursuant to amendment XXIX (b) (5). The majority holds that "the [plaintiff in error] has no right to attend off-the-record, in-chambers [judicial pretrials] because the defendant herself has no right to do so."[6] Accordingly, the majority does not resolve the question of whether the judicial pretrials constitute "court proceedings." In its discussion of this issue, the majority assumes, without any analysis, that the plaintiff in error correctly has characterized the informal, in-chambers plea discussions as "disposition conferences." As I previously have noted in this concurring opinion, the first reference to judicial pretrials as "disposition conferences" in the present case was in the motion for reconsideration filed by the plaintiff in error. That characterization bolstered his argument that the meetings were court proceedings that he had a right to attend. During the initial discussion of defense counsel's objection to Clark's attendance at the judicial pretrials, neither the court nor the attorneys referred to those informal discussions as the "disposition conference." Instead, both the attorneys and the trial judge referred to "chambers pretrial discussions," "judicial pretrials," and "chambers pretrials."

Rather than accept the plaintiff in error's characterization of judicial pretrials as disposition conferences, I would simply consider the nature of judicial pretrials, which are informal and off-the-record. These meetings are not court proceedings, but merely part of the apparatus by which the presiding judge moves the criminal case along. Accordingly, even if the right set forth in amendment XXIX (b) (5) extended to attendance through counsel, it would not apply to judicial pretrials.

The term "disposition conference" is not defined in the rules of practice. It is clear, however, that the term does not refer to in-chambers judicial pretrials. The governing rules of practice make clear that a disposition conference is an in-court, on-the-record, formal proceeding. Unless the case goes to trial, it will most commonly be resolved at the disposition conference—this cannot occur informally, behind closed doors, or in chambers. The case can be "disposed of" in the disposition conference only in court and on-the-record. It is not a "negotiation conference," or a "plea bargaining conference." Certainly, plea bargaining and negotiations precede the disposition conference. Negotiations

between the parties can occur off-the-record, behind closed doors and at any time. Parties can bring an agreement to the presiding judge for approval off-the-record. The judge can make a judicial offer off-the-record. All of those events are undertaken with the goal of being able to dispose of the case on the record, in court. None of these events, however, resolves the criminal case. The disposition conference is the formal culmination of all of the efforts that precede it—discussions, plea bargaining, meetings with the presiding judge. The disposition of the case, however, must occur in the courtroom and on the record.[7]

The rules of practice set forth the procedures governing the disposition of a criminal case without trial and set forth procedures governing, inter alia, plea discussions and agreements and disposition conferences. The presiding judge has the responsibility of overseeing the pretrial process,[8] and, as happened in the present case, will assign a case for a disposition conference, if possible, at the time of the defendant's arraignment. See Practice Book § 37-9 ("Any defendant who pleads not guilty shall be asked whether he or she desires a trial either by the court or by a jury. Pursuant to these rules, including Sections 44-11 through 44-17, the case shall be placed on the trial list and, where possible or necessary, assigned dates for a disposition conference, a probable cause hearing, and/or a trial."); see also Practice Book § 44-15 ("Upon entry of a not guilty plea, the judicial authority shall, whenever feasible, assign a date certain for the trial of such case, and in jury cases, for a disposition conference pursuant to Sections 39-11 through 39-13, and it shall advise all parties that they are to be prepared to proceed to trial or to a disposition conference on that date. If the setting of a definite date at the time of the not guilty plea is not feasible, the case shall be placed on a trial list of pending cases which shall be maintained by the clerk. Cases shall be placed on the trial list in the order in which the not guilty pleas were entered.").

The language of Practice Book § 37-9 is particularly instructive. There are three key proceedings for which the presiding judge assigns dates, if possible: the disposition conference, and, where applicable, a probable cause hearing, and/or the trial. All three of these proceedings are points at which the case can be disposed. If a defendant pleads guilty during the disposition conference, the case is resolved and there will be no need for either a probable cause hearing or a trial. If, in cases where a probable cause hearing is required, the court finds no probable cause, the case is resolved and there will be no need for a trial. All efforts in these proceedings are directed at disposing of the case—the disposition conference is a component of that process and is treated on a par with a probable cause hearing and the trial, both formal, in-court, on-the-record proceedings. It would make no sense for the rules of practice to

designate, along with probable cause hearings and trials, the informal, off-the-record meetings that occur in the presiding judge's chambers when the case is scheduled for the pretrial docket.

The informality of the judicial pretrials is evident from the events that take place on the pretrial docket. Once the case is assigned for a disposition conference, it is placed on the pretrial docket for that date, and the parties who are scheduled to appear that day receive the list of cases on the docket. See Practice Book § 39-11 ("After conferring with the clerk, the presiding judge shall assign for disposition conferences so much of the jury trial list as he or she shall deem necessary for the proper conduct of the court and he or she shall direct the clerk to print and distribute a list of the cases so assigned to the appearing parties. The clerk shall schedule the conferences at times which will not interfere with the orderly calling of the court docket. Cases may also be assigned for a disposition conference at the time of the entry of a plea pursuant to Section 44-15.").

In the meantime, the prosecutor and defense counsel may engage in negotiations. See Practice Book § 39-1 ("[t]he prosecuting authority and counsel for the defendant, or the defendant when not represented by counsel, may engage in discussions at any time with a view towards disposition"). A defendant who, like Damato-Kushel, is represented by counsel, does not participate in plea discussions, and the prosecutor is barred from discussing plea negotiations with him or her. See Practice Book § 39-2 ("[t]he prosecuting authority shall not engage in plea discussions at the disposition conference, or at other times, directly with a defendant who is represented by counsel"). It is the duty of defense counsel to inform the defendant of any proposed plea agreement, and to conclude any agreement only with the defendant's consent. See Practice Book § 39-3 ("[d]efense counsel shall conclude plea agreements only with the consent of the defendant and shall insure that the decision to dispose of the case or to proceed to trial is ultimately made by the defendant").

On the day the court is conducting pretrials, the presiding judge calls each case listed on the pretrial docket and the attorneys report their appearances and the status of the case, including whether they need a continuance. The defendant's appearance is noted on the record. See Practice Book § 39-13 ("The prosecuting authority, the defense counsel, and, in cases claimed for jury trial, the defendant shall *appear* at the time set for the disposition conference unless excused by the judicial authority. Requests for postponements shall be made only to the presiding judge and shall be granted upon good cause shown." [Emphasis added.]).

After the presiding judge has finished calling the cases, the court goes into recess, and the judge conducts the judicial pretrials, meeting with the attorneys for

each case that was called in open court and was not continued. These meetings are generally conducted in chambers, but in some judicial districts an adjoining conference room is used. The order in which the attorneys meet with the presiding judge for the judicial pretrials is determined in an informal manner by the judge, according to practical concerns, including whether the parties need more time to confer prior to meeting with the presiding judge. During the judicial pretrial, the judge typically will address discovery and investigation issues. If the parties have reached an agreement without judicial intervention, they will advise the judge, who will decide whether the court will accept the agreement. Plea discussions between the parties commonly are ongoing, as they attempt to reach a plea agreement. See Practice Book § 39-14 ("[t]he prosecuting authority and counsel for the defendant should attempt to reach a plea agreement pursuant to the procedures of Sections 39-1 through 39-10"). If the parties are having difficulty arriving at a plea agreement, they may inform the judge during the pretrial and request assistance. If the judge deems it appropriate, he or she may extend a judicial offer during the judicial pretrial. These meetings are informal, practical, and aimed at moving the case along.

After all the judicial pretrials have been conducted for the day, the court is called back into session, and for each case, the court either gives the defendant the next court date, or takes the defendant's plea. If the court accepts the defendant's plea, on-the-record and in open court, the case has been disposed of, not before. Accordingly, because the informal discussions in judge's chambers, while undertaken with the goal of arriving at an ultimate disposition in the case, do not— and cannot—dispose of the case, they are not disposition conferences.

For the foregoing reasons, I respectfully concur.

[1] The victim's rights amendment, article first, § 8, of the constitution of Connecticut, as amended by articles seventeen and twenty-nine of the amendments, provides: "(b) In all criminal prosecutions, a victim, as the general assembly may define by law, shall have the following rights: (1) The right to be treated with fairness and respect throughout the criminal justice process; (2) the right to timely disposition of the case following arrest of the accused, provided no right of the accused is abridged; (3) the right to be reasonably protected from the accused throughout the criminal justice process; (4) the right to notification of court proceedings; (5) the right to attend the trial and all other court proceedings the accused has the right to attend, unless such person is to testify and the court determines that such person's testimony would be materially affected if such person hears other testimony; (6) the right to communicate with the prosecution; (7) the right to object to or support any plea agreement entered into by the accused and the prosecution and to make a statement to the court prior to the acceptance by the court of the plea of guilty or nolo contendere by the accused; (8) the right to make a statement to the court at sentencing; (9) the right to restitution which shall be enforceable in the same manner as any other cause of action or as otherwise provided by law; and (10) the right to information about the arrest, conviction, sentence, imprisonment and release of the accused. The general assembly shall provide by law for the enforcement of this subsection. Nothing in this subsection or in any law enacted pursuant to this subsection shall be construed as creating a basis for vacating a conviction or ground for appellate relief in any criminal case."

Hereinafter, I follow the majority's convention and refer to this provision

as the victim's rights amendment or amendment XXIX (b).

[2] In accordance with our policy of protecting the privacy interests of the victims of sexual assault and the crime of risk of injury to a child, we decline to identify the alleged victim. See General Statutes § 54-86e.

[3] I do not reach the question of whether disposition conferences, which are not at issue in this writ of error, are "court proceedings" for purposes of the victim's rights amendment.

[4] The plaintiff in error's reference to disposition conferences in the motion for reconsideration was the first such reference in the procedural history of the case. As I have observed, equating judicial pretrials with disposition conferences is aligned with the plaintiff in error's strategic interests.

[5] The majority's response to my construction of amendment XXIX (b) (5) cannot be reconciled with the majority's own holding. Specifically, the majority claims that my reading of that constitutional provision is too narrow. It instead effectively reads amendment XXIX (b) (5) to guarantee to "the victim, *either personally or as represented by counsel* . . . the right to attend the trial and all other court proceedings that the accused, *either personally or as represented by counsel*, has the right to attend, unless such person is to testify and the court determines that such person's testimony would be materially affected if such person hears other testimony." That reading suggests that if the defendant has the right to personally attend a court proceeding, the plaintiff in error has that right, and if the defendant has the right to attend a court proceeding through counsel, the plaintiff in error has that right. The majority, however, holds that because the defendant does not have the right to attend in-chambers pretrial discussions, the plaintiff in error does not have the right that he asserted, namely, the right to attend those discussions *through counsel*. On the basis of that holding, the majority concludes that it need not reach the question of whether in-chambers pretrial discussions are court proceedings. The problem with the majority's rationale, however, is that defendants most certainly *do* have the right to "attend" pretrial discussions, through counsel. To state otherwise suggests that the presiding judge would be able to conduct plea discussions in the absence of defense counsel. That construction, and not mine, leads to a bizarre and untenable result—a judicial pretrial discussing plea negotiations where defense counsel is absent.

Rather than "unduly narrow," my reading of amendment XXIX (b) (5) is based on a proper construction of the constitutional language, which can be reconciled both with the language of the amendment and the claim made by the plaintiff in error. The right claimed by the plaintiff in error is to have his counsel attend an informal, in-chambers plea discussion. That right is not one that is addressed by the victim's rights amendment. The right secured by amendment XXIX (b) (5) is effectively the right to be present at court proceedings, when the defendant has that right. My reading of the provision accounts for the language limiting that right when the victim is to testify, and when attendance at the court proceeding in question may materially affect that testimony, the victim may not attend. The majority's interpretation cannot be squared with the plain language of the amendment, and their response to my concurring opinion does not address the language that the majority improperly reads into the amendment or the language that the majority's reading renders superfluous.

[6] I observe, however, that although the majority claims that this statement accurately reflects its holding, it does not. What the majority *actually* holds is that because the defendant is not entitled *to be present* at the judicial pretrials, the plaintiff in error does not have the right *to attend* the in-chambers discussions *through his attorney*. This holding cannot be reconciled with the language of amendment XXIX (b) (5), which grants to victims a *parallel right* to that enjoyed by defendants, subject to the limitation that a victim does not have the right to be present at court proceedings when such presence may materially affect the victim's testimony. See footnote 1 of this concurring opinion.

[7] The majority's response to my interpretation of the applicable rules of practice is unpersuasive. Without addressing my discussion of those rules as related to the procedures that occur during the pretrials, the majority simply lists a few rules of practice without any exposition and without any attempt to explain how these rules refute my reading of the rules of practice. Nor does the majority attempt to read the rules of practice in light of what occurs during pretrial proceedings.

The most troubling aspect of the majority's response is that in one instance, in order to make a rule of practice fit the majority's interpretation, the majority simply inserts language into the rule that is not there. Specifically,

the majority claims that "Practice Book § 39-17, entitled 'Effect of Disposition Conference,' finally provides that, '[i]f the case is not resolved at the disposition conference or if the judicial authority rejects the plea agreement [*reached at the conference*], the case shall be assigned to a trial list." (Emphasis added.) I emphasize that the phrase, "reached at the conference" is not in § 39-17, and was added by the majority. It is well established that the "principles of statutory construction apply with equal force to Practice Book rules." (Internal quotation marks omitted.) *State* v. *Pare*, 253 Conn. 611, 622, 755 A.2d 180 (2000). Some principles of construction are so basic that they have never required stating, including the principle that we do not insert, when construing a statute or rule, our own amendment into the existing language that resolves the very question that is at issue.

[8] Under his authority pursuant to General Statutes § 51-164t (b), the Chief Court Administrator has given presiding judges the responsibility and power of "[e]xpediting the disposition, fairly, of the court business to which such judge has been entrusted." See "Assignment of Judges," (revised November 6, 2017), p. 7, available at http://www.jud2.ct.gov/judsearch/master.pdf (last visited November 16, 2017). The rules of practice establish that one area of court business entrusted to the presiding judge is overseeing the pretrial process. See, e.g., Practice Book § 39-11 (assignment of cases for disposition conferences); Practice Book § 39-13 (requests for postponements of disposition conferences to be made to presiding judge); Practice Book § 39-15 (parties to report inability to reach agreement to presiding judge).

---